WILLIAM A. RHEA, *Plaintiff in Error,* v. THOMAS HACKNEY, *Defendant in Error.*

147 So. 462.
Division A.
Opinion filed March 24, 1933.

E. Hood Wilkerson, for Plaintiff in Error;
Fred R. Hocker, for Defendant in Error.

On petition for re-hearing as to denial of motion to strike parts of transcript.

PER CURIAM.—A motion to strike portions of a transcript of the record filed here on appeal or writ of error, should definitely and certainly, by reference to the exact pages and paragraphs of the transcript, clearly and certainly identify distinctly and separately each part of the record that is sought to be stricken, all of which should appear in the motion, together with a succinct statement of the grounds of the motion as·applied to each part for which elimination is' sought. A motion failing to comply with this requirement will be denied however well founded it might be if properly framed.

An appellate court cannot in fairness to other litigants, use its valuable time merely to conduct an exploratory examination of a transcript to determine whether or not an indefinitely stated interlocutory motion concerning the constituent parts of the transcript should or should not be granted. It is counsel's duty as an aid and help to the court, to clearly and definitely point out the exact parts and pages of the transcript concerned, so that all that the court will have to do is to turn to the particular pages cited and see what is undertaken to be dealt with, and rule for or against the motion to strike. If counsel will comply with the seasonable intent of what we here delineate should be done in presenting a motion to strike, it will be of great assistance to an over-burdened court whose faculties and time should not be appropriated in working on matters' of clerical detail concerning which interested counsel are in better position to work out.

The motion to strike heretofore filed by defendant in error was heretofore denied, because the motion did not give the pages or parts of pages of the transcript sought

to be stricken, but included only a most general designation of papers. For the same reason we must deny the motion to reconsider our previous ruling, without prejudice however to the right of counsel to file a new motion complying with the requirements we have stated as essential to secure exclusion of improperly included parts of the transcript found therein.

Re-hearing of motion denied without prejudice to filing of new motion in appropriate form.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.